IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PHILLIP A. BROYLES

    Plaintiff,

  v.

THE OREGON STATE BOARD OF HIGHER
EDUCATION; PORTLAND STATE
UNIVERSITY; PAUL KELLY, JR.; JAMES
L. FRANCESCONI; MATTHEW W.
DONEGAN; JILL W. EILAND;
HANNAH FISHER; ALLYN FORD;
BRIAN FOX; LYNDA M. CIUFFETTI;
ROSEMARY POWERS; PRESTON
PULLIAMS; KIRK E. SCHUELER; DAVID
V. YADEN; VIKKI VANDIVER; ELLEN
MASTERSON; KEVA MILLER; KRISTINE
MUNHOLLAND; PAULINE JIVANJEE;
EILEEN BRENNAN; KRISTINE NELSON;
MICHELE TOPPE; MATTHEW MODRCIN;

No. 03:11-CV-144-HZ

OPINION & ORDER

1 - OPINION & ORDER

JAMES NASH; SCOTT BARNETT; ANNE
CAROLINE CURRY; JOSEPH P. HOLLIDAY;
BOWEN McBEATH; ROY KOCH; WILLIAM
FEYERHERM; and WIM WIEWEL,

                Defendants.

Phillip A. Broyles, Pro Se
6428 SE 97th Avenue #1
Portland, OR 97266

    Attorney for Plaintiff

John Clinton Geil
Senior Assistant Attorney General
DEPARTMENT OF JUSTICE
1162 Court Street, N.E.
Salem, OR 97310

    Attorney for Defendant

HERNANDEZ, District Judge:

Plaintiff Phillip Broyles moves for judgment on the pleadings, or in the alternative, for partial summary judgment[1] against individually named Defendants Kelly, Franscesconi, Donegan, Eiland, Fisher, Ford, Fox, Ciufetti, Powers, Pulliams, Schueler, Yaden, Vandiver, Masterson, Miller, Munholland, Jivanjee, Brennan, Nelson, Toppe, Modrcin, Nash, Barnett, Curry, Holliday, McBeath, Koch, Feyerherm, and Wiewel ("Defendants").  I deny this motion.

BACKGROUND

Plaintiff Broyles is a former graduate student of the Portland State University's School of

---

[1] A motion for judgment on the pleadings becomes a motion for summary judgment if matters outside the pleadings are presented and not excluded by the court.  Fed. R. Civ. P. 12(c). Plaintiff had attached two exhibits to his complaint, which are considered a part of the pleading. Id. at 10(c).  Because no additional matters have been presented to the court outside of the pleadings, converting this motion to one for partial summary judgment is inappropriate.

Social Work. Compl. ¶2. Broyles alleges that he was dismissed from the program in violation of his 1st and 14th Amendment rights, in addition to several other causes of action. Id. at 14-21. In his 23-page, 125-paragraph complaint, Broyles recounts his injuries in great length. See Compl. Defendants admit that Broyles was suspended from the program, but permitted to reapply after one year. Answer ¶2. Defendants otherwise deny all the allegations in the complaint and present 16 affirmative defenses. Id. ¶¶3-22.

## STANDARD

Fed. R. Civ. P. 12(c) allows for a motion of judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. If matters outside the pleadings are presented to and not excluded by the court, the motion is to be treated as one for summary judgment. Fed. R. Civ. P. 12(c). Judgment on the pleadings is proper when there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991). All allegations of fact by the party opposing the motion are accepted as true and are construed in the light most favorable to that party. Id. A motion for judgment on the pleadings may not be based on evidence or allegations outside of the pleadings, and allegations in the non-moving party's pleadings should be accepted as true for purposes of deciding the motion. Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992).

## DISCUSSION

While Broyles' complaint contains some factual allegations, it largely consists of general

statements, many of which are legal conclusions.[2]  Conclusory allegations and unwarranted inferences are insufficient to support a motion for judgment on the pleadings.  See In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).  Further, Defendants have denied all of the relevant facts related to Broyles' complaint.  Based on the pleadings and accepting the non-movant's allegations as true, there is a genuine issue of material fact concerning all of Broyles' claims.  The request for judgment on the pleadings is not warranted.

## CONCLUSION

There is a genuine issue of dispute with respect to the material facts of Broyles' claims. Plaintiff's motion for judgment on the pleadings [#38] is denied.

IT IS SO ORDERED.

Dated this    28th    day of June, 2011

/s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge

---

[2] For example, Broyles alleges that "Defendants' policies and practice are additionally overbroad, because they sweep within their range, protected First Amendment expression.". Compl. ¶ 83.  Broyles fails to specify the basis for the violation, only alleging that Defendants "unlawfully attempted to compel him to speak a message with which he disagrees". Id. at ¶ 81.